UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SARHAROSE JACKSON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>AMAZON,<br><br>　　　　　　　　Defendant. | CASE NO. 3:23-cv-05096-DGE<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 5) |

　　　This matter comes before the Court on Plaintiff Sarharose Jackson's motion to appoint counsel ("Motion").  (Dkt. No. 5.)  Having considered the Motion and the record, the Court hereby DENIES the Motion.

　　　Courts recognize a very limited due process right to retain and fund counsel in civil cases. *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 861 (2022).  Unlike criminal cases which implicate the Sixth Amendment right to counsel, *Id.* at 1039, the Ninth Circuit has long held there is "no constitutional right to counsel in

ORDER DENYING MOTION TO APPOINT COUNSEL (DKT. NO. 5) - 1

a civil case." *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., Washington*, 795 F.2d 796, 801 (9th Cir. 1986).

Although a civil litigant does not have a right to government-subsidized counsel, district courts still have discretionary power to appoint counsel for indigent plaintiffs. 28 U.S.C. § 1915(e)(1). The statute allows the court to "request an attorney to represent any person unable to afford counsel." *Id.*

A district court will attempt to secure counsel for an indigent civil litigant only when it finds "exceptional circumstances." S*ee, e.g. Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Accordingly, grants of such a motion are "relatively rare[.]" *30.64 Acres of Land*, 795 F.2d at 800. In determining whether exceptional circumstances exist, courts must evaluate "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these factors are dispositive and courts must look at both together. *Wilborn*, 789 F.2d at 1331.

    **A. Likelihood of Success**

Without further factual development, the likelihood of success is unclear. The Complaint is sparse and simply alleges Ms. Jackson gave Amazon a disability form and this prompted Amazon to put her on leave without pay, without any additional details or evidence. (Dkt. No. 4 at 5.) Litigation is in its early stages as Ms. Jackson has yet to even serve Amazon, so the Court cannot determine Ms. Jackson's likelihood of success. This factor weighs heavily against the appointment of counsel.

    **B. Ability to Articulate**

As pled, the claim does not appear particularly complex.  Ms. Jackson alleges Amazon, upon learning of her disability, placed her on unpaid leave.  (*Id*.)  Ms. Jackson will need to develop these facts in discovery, but the need for such discovery does not necessarily qualify the issues as complex.  *Wilborn*, 789 F.2d at 1331.  If plaintiffs were merely required to demonstrate a need for development of further facts, "practically all cases would involve complex legal issues."  *Id*.

However, Ms. Jackson's pleadings do raise some curiosity in the Court's mind about her particular ability to articulate her legal claims.  Courts have evaluated complexity of a case on a subjective basis, looking at the movant's particularized ability to articulate their claims.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1104 (9th Cir. 2004) (considering plaintiff's level of literacy and education and its sufficiency for tackling the legal issues at bar).  *See also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (noting that because plaintiff "demonstrated sufficient writing ability and legal knowledge to articulate his claim[,]" the claims were not too complex for a *pro se* litigant).  That is, the complexity of the case is measured relative to the individual's ability to litigate it.

The Complaint and the Motion both contain a series of incomplete, misspelled sentences.  (*See generally* Dkt. Nos. 4, 5.)  The pleadings do not clearly articulate Ms. Jackson's claims and the legal theories behind them, raising the question of whether Ms. Jackson would be able to advocate for herself in a legitimate capacity.  (*Id*.)  However, although the Complaint does allege Ms. Jackson has an unspecified disability (Dkt. No. 4 at 5), it provides no documentation indicating the veracity of the disability or why it might prevent her from adequately articulating her claims.  (*See generally* Dkt. Nos. 4, 5.)  Without further verification of Ms. Jackson's

disability and its potential impact on Ms. Jackson's ability to articulate her claims, the Court cannot evaluate how complex the claims would be for her to litigate.

Accordingly, the Court DENIES the Motion without prejudice.

Dated this 27th day of March, 2023.

David G. Estudillo
United States District Judge